UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE DARONTE DAVIS,

Plaintiff,

v.

JEFF LYNCH, et al.,

Defendants.

No. 2:24-cv-03275-EFB (PC)

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has also filed an application to proceed in forma pauperis. ECF Nos. 2, 4.

**I. Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

////

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III. Screening Order

### A. *Allegations of the Complaint.*

Plaintiff alleges that he was assaulted by other inmates while in the C-facility main yard at California State Prison, Sacramento. ECF No. 1. Defendant M. Long was the main yard observer at the time. *Id.* Plaintiff fell to the ground, unconscious, where he was left for several minutes by responding correctional officers J. Ortega, Tyen, M. Smith, MacNamara, and Dalucci. *Id.* The responding officers then escorted plaintiff to a holding cage without providing or calling for medical aid. *Id.* While in the holding cage, plaintiff was strip-searched by J. Ortega and/or Tyen and Smith. *Id.* Lieutenant Z. Madrigal refused to allow plaintiff to watch video footage of the assault. *Id.*

### B. *Analysis*

Plaintiff has stated a potentially cognizable claim against defendants J. Ortega, Tyen, M. Smith, MacNamara, and Dalucci for failing to provide or summon medical care after he was knocked unconscious. To succeed on an Eighth Amendment claim predicated on indifference to medical needs, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has also stated a potentially cognizable Fourth Amendment claim against responding officers Ortega, Tyen, and M. Smith for conducting his strip search in the holding cell, in view of other inmates and staff. *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988)

Plaintiff has failed to state a cognizable claim against defendant M. Long, the yard observer on duty at the time of the assault. To state a failure-to-protect claim against an official, an inmate must allege: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the official was deliberately indifferent to his safety. *Id*. "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety. Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Plaintiff has not alleged facts showing that Long was aware of facts from which he could infer that plaintiff would be assaulted and that he so inferred.

Plaintiff has also failed to state a claim against defendant Z. Madrigal. Plaintiff does not allege that he was denied access to the video footage in connection with a disciplinary or other proceeding. *Compare Saenz v. Roque*, No. 1:24-cv-01140-EPG (PC), 2025 U.S. Dist. LEXIS 233313, at *14-15 (E.D. Cal. May 15, 2025). The court is aware of no authority holding that a prisoner has a free-standing due process right to view such footage.

Plaintiff alleges at various points in his complaint that defendants violated a state prison regulation. Such a violation does not support a federal right of action. *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action).

Plaintiff's claim against defendants Lynch fails because there is no respondeat superior liability under § 1983, and plaintiff's complaint lacks allegations showing Lynch's personal involvement in the incident or some wrongful conduct on his part that bears a sufficient causal connection to the incident. *Felarca v. Birgeneau*, 891 F.3d 809, 819-20 (9th Cir. 2018) ("An

official may be liable as a supervisor only if either (1) he or she was personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation.").

Leave to Amend. The court will grant plaintiff an opportunity to file an amended complaint to attempt to cure the defects identified in this order.

Any amended complaint must comply with Federal Rule of Civil Procedure 8(a)'s direction to state each claim in a short and plain manner. The amended complaint must contain facts – not legal conclusions – supporting each element of the claims alleged.

Any amended complaint must not join unrelated claims. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

////

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

**IV. Summary of Order**

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, potentially cognizable Eighth Amendment claims against defendants J. Ortega, Tyen, M. Smith, MacNamara, and Dalucci and Fourth Amendment claims against J. Ortega, Tyen, and M. Smith.
4. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time. In addition, the court will direct defendants to respond to the pending motions for preservation of evidence.
6. Failure to comply with any part of this order may result in dismissal of this action.

Dated: August 10, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS,<br>Plaintiff,<br>v.<br>JEFF LYNCH, et al.,<br>Defendants. | No. 2:24-cv-03275-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) ______ proceed only with the Fourth and Eighth Amendment claims against J. Ortega, Tyen, M. Smith, MacNamara, and Dalucci identified in the court's screening order.

OR

(2) ______ delay serving any defendant and file an amended complaint.

_________________________________

Plaintiff

Dated: